# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BARBARA G. ROBINSON,

    Plaintiff,

v.                          Case No:   6:24-cv-1143-WWB-LHP

ORANGE COUNTY GOVERNMENT DEPARTMENT,

    Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR ENTRY OF DEFAULT FROM RESPONDENT (Doc. No. 19)
>
> **FILED:** November 18, 2024
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Before the Court is Plaintiff's request for Clerk's default against Defendant, for failure to plead or otherwise defend by November 15, 2024. Doc. No. 19. The next business day, November 18, 2024, Defendant appeared in the case and filed a motion to dismiss. Doc. Nos. 20–22. So, the Court directed Defendant to respond

to the motion for Clerk's default, Doc. No. 23, and Defendant timely complied, Doc. No. 27. For the reasons stated in Defendant's response, the motion for Clerk's default will be denied at this time.

In particular, the Court questions whether service of process on Defendant was proper. *See* Fla. R. Civ. P. 4(j)(2); Fla. Stat. § 48.111; *see also* Doc. No. 18. Moreover, given the brief delay in the filing of Defendant's response, and the explanation provided by counsel for Defendant, Doc. No. 27, the Court does not find default warranted. *Cf. White v. Hiers*, No. 1:13-CV-2404-SCJ, 2014 WL 12638087, at *4 (N.D. Ga. Oct. 22, 2014) ("Defendant's four-day delay in filing its Answer does not qualify as the type of 'extreme situation' that justifies a default judgment."). Notably, the Eleventh Circuit has repeatedly held that there is a strong policy in favor of resolving cases on the merits and that defaults are viewed with disfavor. *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) ("We note that defaults are seen with disfavor because of the strong policy of determining cases on their merits." (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984))). "[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Kilbride v. Vrondran*, No. 07-0389-WS-M, 2007 WL 2775185, at *2 (S.D. Ala. Sept. 21, 2007) (citation omitted).

Accordingly, considering these standards, the representations by defense counsel, Doc. No. 27, and that Defendant has now appeared in this case, Doc. Nos. 20–22, Plaintiff's request for Clerk's default (Doc. No. 19) is **DENIED** at this time.

**DONE** and **ORDERED** in Orlando, Florida on December 3, 2024.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties