# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BARBARA G. ROBINSON,

       Plaintiff,

v.                           Case No:   6:24-cv-1143-AGM-LHP

ORANGE COUNTY GOVERNMENT
DEPARTMENT,

       Defendant

## ORDER

Plaintiff Barbara G. Robinson, appearing *pro se*, alleges claims of negligence, race, and age discrimination against Defendant Orange County Government Department related to her unsuccessful application for a position with Defendant. Doc. No. 50.   Discovery closes on April 3, 2026.   Doc. No. 41.

On March 5, 2026, Plaintiff filed a Motion for Proposed Order to Grant Written Discovery Interrogatories.   Doc. No. 62.   The same day, she filed a Notice of Cancellation of Deposition.   Doc. No. 61.   As reflected in both, Plaintiff appeared for her duly-noticed deposition by Defendant on March 5, 2026, but Plaintiff contends that Defendant failed to comply with "Rule 30(b)(6)" and failed to give her written information in advance of the deposition, so she canceled it.

Doc. Nos. 61, 62; *see also* Doc. Nos. 62-1, 62-2.   Plaintiff requests that the Court order Defendant to serve interrogatories in lieu of taking her deposition, and prohibit Defendant from taking her deposition.   Doc. No. 62.

While Defendant has not timely filed a separate response to this filing, *see* Local Rule 3.01(c), (d), on March 6, 2026, Defendant filed its own Motion to Compel Plaintiff's Deposition and to Award Attorney's Fees and Costs.   Doc. No. 63. Defendant says that although Plaintiff appeared for her March 5, 2026 deposition, she refused to answer any substantive questions and thereafter terminated the deposition, without justification.   *Id.* at 2–3.   Defendant seeks to compel another deposition, an extension of the discovery deadline to facilitate same, and an award of attorney's fees and costs for the first deposition.   *Id.* at 1, 3–6.   Plaintiff has not timely filed a separate response to this filing.   *See* Local Rule 3.01(c), (d).

Given that the motions are interrelated, the Court declines to consider either as unopposed, *see* Local Rule 3.01(d), and considers the parties' competing arguments.   Upon consideration of same, Plaintiff's motion (Doc. No. 62) will be **DENIED**, and Defendant's motion (Doc. No. 63) will be **GRANTED in part**.

Federal Rule of Civil Procedure 30(a)(1) provides, "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)."   The deposing party must provide "reasonable written notice" that includes the time and place of the deposition and the deponent's name

- 2 -

and address.   Fed. R. Civ. P. 30(b)(1).   Local Rule 3.04 provides that a party must give written notice to a deponent at least 14 days in advance.[1]

Here, as an initial matter, Plaintiff's motion (Doc. No. 62) fails to comply with Local Rule 3.01(g), and it is due to be denied on that basis alone.   Even considering the merits, though, Plaintiff has not shown entitlement to the relief sought, which in essence is a protective order preventing her deposition.   By her motion, Plaintiff says that Defendant was required to give her unidentified advance written documentation prior to the deposition under "Rule 30(b)(6)," but she provides no legal authority in support.   Doc. No. 62.[2]   Nor does she support her request for interrogatories in lieu of a deposition.   *Id.*   *Cf. Cadet v. All. Nursing Staffing of New York, Inc.*, No. 21 CIV. 3994 (KPF), 2023 WL 3195411, at *2 (S.D.N.Y. May 1, 2023) ("The Court is sympathetic to Plaintiff's concerns about the emotional toll a deposition may take.   But the fact of the matter is that Defendant is entitled to take Plaintiff's deposition, regardless of her responses to certain interrogatories."). Accordingly, Plaintiff's motion (Doc. No. 62) is due to be denied.   *See Hoffman v.*

---

[1] Although neither party submits the notice of deposition, there does not appear to be any dispute that it was timely noticed in December 2025, to take place on March 5, 2026. Doc. Nos. 62-1, 62-2; Doc. No. 63, at 2.   Indeed, Plaintiff appeared for the March 5, 2026 deposition.   Doc. Nos. 61–63.

[2] In any event, Rule 30(b)(6) does not apply, as that provision is directed to the deposition of an organization.   Fed. R. Civ. P. 30(b)(6).

*Smith*, No. 2:24-cv-111-SPC-KCD, 2025 WL 1018429, at *1 (M.D. Fla. Apr. 4, 2025) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." (quoting *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979))).

At bottom, Defendant is entitled to take Plaintiff's deposition once in this case, within the strictures of Federal Rule of Civil Procedure 30.   Fed. R. Civ. P. 30(a)(1).   Thus, Defendant's request to compel Plaintiff's deposition (Doc. No. 63) is due to be granted.   *See, e.g.*, *Hoffman*, 2025 WL 1018429, at *1 ("Hoffman offers no convincing argument that he should be excused from providing testimony, so the Court will order that he appear for a properly noticed deposition."); *Foster v. Jacksonville Hous. Auth.*, No. 3:18-cv-777-J-39PDB, 2019 WL 2211055, at *4 (M.D. Fla. May 22, 2019) (order compelling deposition of *pro se* party warranted where the deposition was timely noticed and there was no legitimate reason for failing to appear).

Discovery is set to close in this matter on April 3, 2026.   Doc. No. 41.   Based thereon, Defendant also embeds a request for an extension of the discovery deadline to complete Plaintiff's deposition.   Doc. No. 63, at 5–6.   Upon consideration, the Court will provide a brief extension of the discovery deadline in order for Plaintiff's deposition to take place, but no other deadlines will be extended by this Order.   *See* Doc. No. 41.

- 4 -

Finally, Defendant requests an award of attorney's fees and costs for the first deposition.   Doc. No. 63, at 4, 6.   Upon consideration, given Plaintiff's *pro se* status and the circumstances of this case, the Court declines to impose sanctions in this one instance.   Fed. R. Civ. P. 37(d)(3); *see also Foster*, 2019 WL 2211055, at *4 (similarly declining to award sanctions).   However, Plaintiff is cautioned that future failures to comply with discovery obligations, or failure to appear at a second deposition as required by this Order, may result in sanctions, up to and including dismissal of this case.   Fed. R. Civ. P. 37(b)(2), (d)(3).

Accordingly, upon due consideration, it is **ORDERED** as follows:

1.    Plaintiff's Motion for Proposed Order to Grant Written Discovery Interrogatories (Doc. No. 62) is **DENIED**.

2.    Defendant's Motion to Compel Plaintiff's Deposition and to Award Attorney's Fees and Costs (Doc. No. 63) is **GRANTED in part**, such that Plaintiff will be compelled to attend a second deposition, and the Court will provide a brief extension of the discovery to complete same.   Defendant's motion (Doc. No. 63) is **DENIED in all other respects**.

3.    On or before **March 30, 2026**, the parties are **DIRECTED** to meet and confer on the date for Plaintiff's deposition, with such deposition to take place on or before **April 20, 2026**.   If Plaintiff fails to meet and confer with Defendant by March 30, 2026, or fails to agree on a deposition date, then

Defendant may unilaterally notice Plaintiff's deposition to occur on or before **April 20, 2026**.   *See* Middle District Discovery (2021) § (II)(A)(1).

4.      The discovery period is extended through April 20, 2026 for the **sole and limited purpose** of conducting Plaintiff's deposition.   No other deadlines are extended by this Order, *see* Doc. No. 41, and the parties may not rely upon this Order to support a request for an extension of any other deadline in this case.

5.      **Plaintiff is cautioned that failure to comply with this Order, including failure to appear and/or participate in her deposition as required by this Order, may result in sanctions, up to and including dismissal of this case.   Fed. R. Civ. P. 37(b)(2), (d)(3).**

**DONE** and **ORDERED** in Orlando, Florida on March 24, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 6 -